**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

PRIME HEALTHCARE SERVICES - ST. MICHAEL'S, LLC *d/b/a* ST. MICHAEL'S MEDICAL CENTER,

             Plaintiff,

    v.

CIGNA HEALTH AND LIFE INSURANCE COMPANY, *et al.*,

             Defendants.

Civil Action No. 23-01791 (JXN)(JRA)

**OPINION**

---

**NEALS**, District Judge

Before the Court is Defendants Cigna Health and Life Insurance Company, Connecticut General Life Insurance Company, and Cigna Healthcare of New Jersey, Inc.'s (collectively, "Cigna" or "Defendants") objection to Report and Recommendation ("R&R") issued by Magistrate Judge Jose R. Almonte ("Judge Almonte") (ECF No. 25) recommending that the Court grant Plaintiff Prime Healthcare Services – St. Michael's LLC d/b/a St. Michael's Medical Center's ("Prime" or "Plaintiff") motion to remand (ECF No. 12).[1] (ECF No. 28.) The Court has reviewed the R&R, the parties' submissions, and the record, and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure[2] 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Judge Almonte's R&R is **AFFIRMED**, and this case is hereby **REMANDED**.

---

[1] The R&R also recommended that Prime's request for fees and costs be denied. (*See* R&R 13-15, ECF No. 25.) Cigna agrees with the R&R's recommendation on this issue. (*See* Defs.' Obj. 19, ECF No. 28.)

[2] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

## I.    BACKGROUND

A detailed factual background of this case is set forth in Judge Almonte's R&R and will not be repeated here except where necessary to provide context for this Court's review of the same. (*See* R&R 2-4.) This dispute centers on state law causes of action brought by Prime, an out-of-network healthcare provider, against health insurer Cigna for underpayment and/or refusal to pay Prime for emergency and post-stabilization services provided to patients between 2017 and 2021. (*See generally* Compl., ECF No. 1-1.)

On November 3, 2023, Judge Almonte issued a detailed R&R recommending this Court grant Prime's motion to remand the case to the Superior Court of New Jersey, Law Division, Essex County ("State Court") and deny its request for attorneys' fees and costs. (*See generally* R&R.) Initially, Judge Almonte found Prime had standing to bring claims against Cigna under ERISA § 502(a) for Patients 12 and 202 based on the individual benefit plans attached to Cigna's Notice of Removal ("NOR") and the assignment of benefit forms produced by Prime in discovery. However, Judge Almonte further determined that standing alone was insufficient. (*Id*. at 7–9.) Judge Almonte concluded that Cigna failed to show that Prime's claims constituted colorable claims for benefits under ERISA § 502(a). (*Id*. at 9–13.) Specifically, Judge Almonte noted Prime's allegations that Cigna failed to abide by the terms of a settlement agreement as to Patient 202 and to reasonably and timely reimburse Prime for services provided to Patient 12. (*Id*. at 11.) Judge Almonte concluded, however, that "[n]either of these claims are a basis for preemption as they do not require construction or interpretation of an ERISA plan." (*Id*.) Instead, Judge Almonte found that Prime's Complaint concerns Cigna's alleged underpayment and/or untimely payment of a settlement agreement and an implied-in-fact contract, and not Prime's right to payment under any ERISA plan as Cigna claims. (*Id*. at 11-12.) As a result, Judge Almonte concluded that Cigna could not

meet the first prong of the *Pascack Valley* test[3] as it failed to show that Prime could have brought the action under Section 502(a) and recommended remand to the State Court for lack of subject matter jurisdiction. (*Id*. at 12-13.) Additionally, Judge Almonte found that while "Cigna improperly removed this action, there is nothing in the record to suggest that Cigna's removal was made in bad faith or so objectionably unreasonable to warrant an award of fees and costs," and recommended that this Court deny Prime's request for the same. (*Id*. at 15.)[4]

Cigna filed an objection to the R&R, arguing that Judge Almonte "mistaken[ly] accept[ed] at face value" Prime's state law labels and incorrectly concluded that the "'right versus rate' of payment distinction applies to an out-of-network provider like Prime," raising substantially the same arguments that Judge Almonte rejected when evaluating the motion to remand. (Defs.' Obj. 1.)[5] Prime opposed Cigna's Objection (Pl.'s Opp'n Br., ECF No. 29), and Cigna filed a reply.[6] (Defs.' Reply Br., ECF No. 32.)[7]

---

[3] *See Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004) ("*Pascack Valley*") (establishing a two-part test employed by Courts in this Circuit when determining whether ERISA § 502(a) completely preempts a plaintiff's state law claims.)

[4] Judge Almonte notified the parties that they had fourteen (14) days to submit objections to the R&R pursuant to Local Civil Rule 72.1(c)(2). (R&R 16.) On November 14, 2023, the Court granted the parties' request for an extension of time to file objections to the R&R and any replies to such objections. (*See* ECF No. 27.)

[5] Defendants also claim generally that Plaintiff's allegations are artfully pleaded. (Defs.' Obj. 6-9.) Their objections center around allegations that Plaintiff is avoiding preemption without specific allegations of conduct. (*Id*. at 12-13.) Defendants do not provide factual matter to establish how Plaintiff's conduct fits a claim of artful pleading, but merely describe what the artful pleading doctrine is. (*Id*.) The Court therefore rejects the defense as "insufficient". *See* Rule 12(f); *see also Newborn Bros. Co. v. Albion Eng'g Co.*, 299 F.R.D. 90, 95 (D.N.J. 2014) (holding Rule 12(f) grants courts discretionary authority "to strike an insufficient defense.") (citation omitted).

[6] Cigna was granted leave to file a reply brief. (ECF No. 31.)

[7] After briefing was complete, both parties filed notices of supplemental authority and responses to the same. On January 31, 2024, Cigna filed a notice of supplemental authority in support of opposition to the R&R (ECF No. 33), to which Prime responded (ECF No. 34). On September 24, 2024, Cigna filed a second notice of supplemental authority in support of opposition to the R&R (ECF No. 37), to which Prime responded (ECF No. 38). On January 14, 2025, Prime filed a notice of supplemental authority in support of their motion to remand, and the R&R (ECF No. 39), to which Cigna responded (ECF No. 40).

## II.    LEGAL STANDARD

### A.  Review of a Magistrate Judge's Report and Recommendation

When addressing motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(A); Rule 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); *see also* L. Civ. R. 72.1(c)(2).

For dispositive motions, the district court must make a *de novo* determination for any portions of the magistrate judge's Report to which a litigant has objected. *See* 28 U.S.C. § 636(b)(1)(C); Rule 72(b); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002); *Zinberg v. Washington Bancorp, Inc.*, 138 F.R.D. 397, 401 (D.N.J. 1990) (concluding that the court makes a *de novo* review of the parts of the report to which the parties object). In matters within the magistrate judge's discretionary authority, the Report will be reviewed for abuse of discretion. *See, e.g., Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996).

### B.  Motions to Remand

It is well established that the courts of the United States are courts of "limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The original jurisdiction of a federal district court must be based on either diversity of citizenship as set forth in 28 U.S.C. § 1332(a), or federal question jurisdiction as set forth in 28 U.S.C. § 1331. *See USAA Fed. Sav. Bank v. Belfi*, No. 19-3607, 2020 WL 5763585, at *2 (E.D. Pa. Sept. 28, 2020). "Removal from and remand to state court are governed by 28 U.S.C. §§ 1441, 1446, and 1447." *Bajrami v.*

*Reliance Standard Life Ins. Co.*, 334 F. Supp. 3d 659, 661 (E.D. Pa. 2018). In particular, "Section 1441(a) of Title 28 provides that civil actions filed in a state court in which a federal district court would have original jurisdiction are removable by the defendant." *Belfi*, 2020 WL 5763585, at *2. "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Pursuant to 28 U.S.C. § 1447(c), "[a]fter removal, a plaintiff may file a motion to remand based on either 'any defect' in removal procedure, or 'lack of subject matter jurisdiction.'" *Bajrami*, 334 F. Supp. 3d at 661-62.

"When assessing a plaintiff's motion to remand, 'removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Belfi*, 2020 WL 5763585, at *2 (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)); *see also Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). The defendant has the burden of showing that an action has been properly removed. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005); *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) ("[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

### C. Preemption and ERISA

"Although the well-pleaded complaint rule would ordinarily bar the removal of an action to federal court where federal jurisdiction is not presented on the face of the plaintiff's complaint, the action may be removed if it falls within the narrow class of cases to which the doctrine of 'complete pre-emption' applies." *Pascack Valley*, 388 F.3d at 399 (quoting *Aetna Health Inc.*

*v. Davila,* 542 U.S. 200, 206 (2004)), *as amended* (Dec. 23, 2004). "Complete preemption 'recognizes that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *North Jersey Brain & Spine Ctr. v. United Healthcare Ins. Co.*, No. 18-15631, 2019 WL 6317390, at *2 (D.N.J. Nov. 25, 2019) (quoting *Pascack Valley*, 388 F.3d at 399), *report and recommendation adopted*, No. 18-15631, 2019 WL 6721652 (D.N.J. Dec. 10, 2019).

"'ERISA's civil enforcement mechanism, § 502(a), is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule, and permits removal.'" *Id.* at *2 (quoting *N.J. Carpenters & the Trustees Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 303 (3d Cir. 2014) ("*Tishman Constr.*")). In determining whether ERISA's civil enforcement mechanism completely preempts an otherwise state law claim, the Court applies the standard first set forth by the U.S. Supreme Court in *Davila*, 542 U.S. 200, and further discussed by the Third Circuit in *Pascack Valley*, 388 F.3d 393. "[A] claim is completely preempted, and thus removable, under ERISA § 502(a) only if: (1) the plaintiff could have brought the claim under § 502(a); *and* (2) no other independent legal duty supports the plaintiff's claim." *Tishman Constr.*, 760 F.3d at 303 (emphasis in original) (citing *Pascack Valley*, 388 F.3d at 400). "Because the test is conjunctive, a state-law cause of action is completely preempted only if both of its prongs are satisfied." *Id.* (citing *Montefiore Med. Ctr. v. Teamsters Local 272,* 642 F.3d 321, 328 (2d Cir. 2011)). The first element of the test is often further broken down by courts into two sub-inquiries: "Whether the plaintiff is the *type* of party that can bring a claim pursuant to Section 502(a)(1)(B), and [] whether the *actual claim* that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to Section 502(a)(1)(B)." *Progressive Spine & Orthopedics,*

6

*LLC v. Anthem Blue Cross Blue Shield*, No. 17-536, 2017 WL 4011203, at *5 (D.N.J. Sept. 11, 2017) (emphasis in original).

## III.    **<u>DISCUSSION</u>**

As an initial matter, this Court has reviewed the R&R *de novo* and agrees in all respects with Judge Almonte's reasoning. For the sake of a full review, the Court will briefly address the parties' arguments. Cigna contends that under the first prong of the *Pascack Valley* test, Prime's claims are colorable under Section 502(a) of ERISA and that no independent legal duty supports Prime's claim under the second prong. (*See generally* Defs.' Obj.) Prime counters that the R&R correctly concluded its claims were not completely preempted by ERISA and that Cigna's removal was made in bad faith, warranting the award of its attorneys' fees and costs. (*See generally* Pl.'s Opp'n Br.)

### A.  The First Prong of the *Pascack Valley* Test Is Not Satisfied

#### i.  *No Colorable Claim Under Section 502(a)(1)(B)*

In his analysis of the first element of prong one of the *Pascack Valley* test, Judge Almonte concluded that Prime is the "type of party" that can bring a Section 502(a) claim with respect to two (2) of the two hundred twenty-two (220) Cigna Subscribers, Patients 12 and 202, because the individual plan documents for those patients make clear that "[b]enefits are assignable to the provider." (R&R 8.) Neither party disputes this conclusion, and therefore the Court will not analyze it further.

However, Cigna objects to Judge Almonte's conclusion as to the second element of the first prong of the *Pascack Valley* test that it failed to show Prime's claims are colorable under Section 502(a). (Defs.' Obj. 9.) Judge Almonte found that ERISA does not preempt the claims because they do not require the construction of any ERISA plan or reference to any ERISA plan.

7

(R&R 12.) Instead, Prime's claims concern Cigna's alleged underpayment and/or failure to pay on time, rather than Prime's right to payment under an ERISA plan, which is consistent with Third Circuit and District Court rulings that Section 502(a) "does not preempt a dispute over the amount of payment to the provider." (*Id*. at 10-11) (citing *Atl. Shore Surgical Assocs., PC v. Aetna Life Ins. Co.*, No. 20-15622, 2021 WL 1381256, at *8 (D.N.J. Apr. 12, 2021)), *report and recommendation adopted*, 2021 WL 2154713 (D.N.J. May 26, 2021); *Emergency Care Servs. of Pa., P.C. v. UnitedHealth Grp., Inc*., 515 F. Supp. 3d 298, 308 (E.D. Pa. 2021); *Medwell, LLC v. Cigna Corp*., No. 20-10627, 2020 WL 7090745, at *4 (D.N.J. Dec. 4, 2020); *Spine Ctr.*, 2019 WL 6317390, at *5 (collecting cases).

Cigna contends that the distinction between the "right to" payment and the "rate of" payment "has no applicability to a lawsuit like this one involving an out-of-network medical provider who, by definition, has no contract with the claims administrator." (Defs.' Obj. 10). Cigna, relying on out-of-circuit cases, argues that the Court should treat out-of-network providers as having no contract with the payor as a general rule. (*Id*.) The Court does not find Cigna's arguments persuasive.

Contrary to Cigna's contention, Courts in the Third Circuit have held that, in the out-of-network context, claims that challenge the rate of payment rather than assert a right to payment under the plan do not constitute a colorable ERISA benefits claim. *See Emergency Care Services of Pa., P.C.*, 515 F. Supp. 3d at 308 (finding that "this action is basically a dispute over the rate of payment of claims," and therefore not colorable under ERISA, "notwithstanding the absence of an express agreement between Plaintiffs and the [] Defendants."); *Spine Ctr.*, 2019 WL 6317390, at *5 (finding out-of-network plaintiff's claims to be "related to the amount of payment received, premised on implied agreements and representations that allegedly arose in the course of dealings

8

between the parties, and not claims seeking coverage under a given health plan."); *see also E. Coast Advanced Plastic Surgery v. Amerihealth*, No. 17-8409, 2018 WL 1226104, *3 (D.N.J. Mar. 9, 2018) (remanding claims sounding in implied-in-fact contract for inadequate reimbursement because "[d]isputes over the amount of reimbursement are not preempted by ERISA.").

Here, Prime asserts its right to payment as a third-party provider. Prime's reliance on state law to assert claims for fraudulent inducement and breach of the implied covenant of good faith and fair dealing is premised on Cigna's alleged failure to abide by the terms of the settlement agreements. (*See* Compl. ¶¶ 88-101.) Prime's quantum meruit and New Jersey Health Claims Authorization, Processing and Payment Act ("HCAPPA") claims are based on the allegation that Cigna failed to reimburse Prime in a timely and reasonable manner. (*Id*. ¶¶ 102-24). Thus, because Prime does not challenge "the type, scope or provision of benefits under" an ERISA healthcare plan, its disputes over the amount of reimbursement are not preempted by ERISA. *Atl. Shore Surgical Assocs., PC*, 2021 WL 1381256, at *9. Rather, these disputes concern contract terms regarding the "amount of reimbursement" premised on an actual contract (the settlement agreement regarding Patient 202) and an implied-in-fact contract arising from an established course of dealing and under HCAPPA (as to Patient 12), which are not inextricably intertwined with the construction and interpretation of the ERISA plan. *See E. Coast Advanced*, 2018 WL 1226104, *3; (R&R 11).

Contrary to Cigna's assertion that the lack of a contract or agreement with the insurer leaves out-of-network providers beholden to ERISA to bring forth their claims, the absence of an express agreement between the parties does not alter the Court's findings. *See, e.g., MHA, LLC v. Empire Healthchoice HMO, Inc.*, No. 17-6391, 2018 WL 549641, at *3 (D.N.J. Jan. 25, 2018) (out-of-network healthcare provider's claims were not colorable under ERISA because plaintiff challenged

the amount of reimbursement and not "the type, scope or provision of benefits under" defendants' healthcare plans); *Spine Ctr.*, 2017 WL 659012, at *4 (finding that plaintiff did not contend that it was due additional money under the patients' ERISA plans but was due additional money separate and apart from the plans because of its alleged contract with defendant). Thus, the Court is satisfied that interpreting the plans is unnecessary to adjudicate Prime's claims, and that these claims are not colorable under § 502(a). *See East Coast Advanced Plastic Surgery v. Horizon Blue Cross Blue Shield of New Jersey*, No. 18-7718, 2018 WL 6185544, at *5 (D.N.J. Sept. 17, 2018) ("[Plaintiff] argues that its claims are based on an implied-in-fact contract that was created based on its dealings with [defendant] . . .. The Third Circuit has distinguished disputes related to the amount to be reimbursed from disputes related to the right to reimbursement.").

Furthermore, whether the settlement agreement between Cigna and Prime for Patient 202 is "really a contract with a third-party Repricing Company" is not a matter to be decided in a motion for remand. (Defs.' Reply 5.) Other than preemption under § 502(a), Cigna has not offered any additional justification for exercising federal jurisdiction over the rights and obligations created by the settlement agreements, which are subject to New Jersey contract law. *See Excelsior Ins. Co. v. Pennsbury Pain Ctr.*, 975 F. Supp. 342, 348 (D.N.J. 1996) (stating a settlement agreement formed in New Jersey must be judged under New Jersey contract law) *and DIRECTV, Inc. v. Imburgia*, 577 U.S. 47, 54 (2015) (stating the interpretation of state contracts is "ordinarily a matter of state law."). Absent independent grounds for jurisdiction, the merits of settlement agreements between plaintiffs and defendants (or third parties) are a matter for New Jersey courts.

The Third Circuit addressed this jurisdictional issue in the second prong of the *Pascack Valley*, when it prohibited removal under Section 502(a) unless "no other legal duty supports [the plaintiff's] claim." 388 F.3d at 400. Accordingly, a dispute concerning a validly formed contract

10

with a third party is an independent legal duty and not a matter of federal preemption under Section 502(a). This is consistent with Third Circuit and District of New Jersey precedent. *See Tishman Constr.*, 760 F.3d at 304 (explaining that though *Pascack Valley*'s defendant argued "the breach of contract claim was actually for benefits owed pursuant to an ERISA plan" determined under a separate contract, "removal was improper because resolution of the hospital's claim turned on the terms of an agreement that was separate from the ERISA plan.") (citing 388 F.3d at 397-404); *Somerset Orthopedic Assocs., P.A. v. Aetna, Inc.*, No. 19-12544, 2019 WL 13535769, at *9 (D.N.J. Oct. 24, 2019) (holding preemption under § 502(a) is not permissible when, as here, "the essence of the parties' dispute was the meaning of a separate agreement between the plan and a third party."); N. Jersey Brain & Spine Ctr. v. CIGNA Healthcare of NJ, Inc., No. 09-2630, 2010 WL 11594901, at *4 (D.N.J. Jan. 12, 2010) (stating removal inappropriate where "the resolution of the parties' dispute depended entirely on the operation of separate contracts, not the ERISA plan itself") (citing *Pascack Valley*, 388 F.3d at 402).

Accordingly, under the laws of New Jersey, a dispute based on payment of settlement agreements between Prime and a third-party Repricing Company is "sufficient to create an independent legal duty, even [if] the patients who received services at the hospital received them pursuant to" a potential ERISA plan. *Tishman Constr.*, 760 F.3d at 304. Consequently, the Court agrees with Judge Almonte that because Cigna failed to demonstrate that Prime's claims can be construed as colorable claims for benefits under § 502(a), it has not met its burden of proof under the first prong of the *Pascack Valley* test, and the Court need not reach the second prong. *See Abira Med. Lab'ys, LLC v. IATSE Nat'l Benefit Funds Off. - Loc. 1 & Their Affiliates*, No. 23-21379, 2025 WL 346670, at *5 (D.N.J. Jan. 30, 2025) ("Given that [the p]laintiff's claims fail on *Pascack Valley's* first prong, the Court need not venture into the second prong.") (quoting *Atl. Shore*

*Surgical Assocs., P.C. v. UnitedHealth Grp., Inc.*, No. 23-2359, 2024 WL 1704696, at *3 (D.N.J. Apr. 19, 2024)).

### B.  There Is No Basis for Attorney Fees and Costs

When a case is remanded, the court may award "just costs and any actual expenses, including attorney fees," incurred as a result of the removal. 28 U.S.C. § 1447(c). Such fees are appropriate only when the removing party lacked an objectively reasonable basis for removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Fees are also appropriate when removals are intended to prolong litigation or impose unnecessary costs, or when removals are frivolous and insubstantial. *Id.*; *see Roxbury Siebert v. Norwest Bank Minn.*, 166 F. App'x 603, 607 (3d Cir. 2006)*.* Even when removal is improper, District Courts retain broad discretion in determining whether to award fees. *See id*.

Prime reiterates its request for attorney fees, stating that "Cigna's objections to the R&R make clear that Cigna never had valid grounds for removal under controlling Third Circuit precedent, and it continues to press its complete preemption arguments for the sole purposes of delay." (Pl.'s Opp'n Br. 24.) As noted in the R&R, such requests for fees and costs should be accompanied by an affidavit detailing the amount sought. (R&R 15) *(citing Platkin v. Exxon Mobil Corp.*, No. 22-06733, 2023 WL 4086353, at *4 (D.N.J. June 20, 2023); *Wells Fargo Bank, N.A. v. Mastoris,* No. 13-5008, 2013 WL 6154531, at *5 (D.N.J. Nov. 22, 2013)). Failing to do so is "by itself grounds to deny Plaintiff['s] request." *Platkin*, 2023 WL 4086353, at *4.

Despite being ultimately unsuccessful and contrary to the reasoning and precedent of this District, the Court cannot definitively conclude that Cigna's arguments rose beyond zealous advocacy to the level of bad-faith conduct. As such, the Court declines to award Prime's fees**.**

### IV.    CONCLUSION

12

For the reasons set forth above, Cigna's objection (ECF No. 28) is **DENIED**, and Judge Almonte's R&R (ECF No. 25) is **AFFIRMED** and **ADOPTED**. Accordingly, Prime's motion to remand (ECF No. 12) is **GRANTED**, and its request for attorney's fees and costs is **DENIED**. An appropriate Order accompanies this Opinion.

**DATED:**      **5/19/2026**

_____

**JULIEN XAVIER NEALS**
**United States District Judge**

13